UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| WILSON EARL LOVE,<br><br>        Plaintiff,<br><br>vs.<br><br>PUBLIC DEFENDER'S OFFICE, *et al.*,<br><br>        Defendants. | Lead Case No. 2:21-cv-01175-JAD-VCF<br><br>Member Case No. 2:21-cv-01340-JAD-VCF<br><br>**ORDER**<br><br>MOTION TO AMEND/CORRECT [ECF NO. 3]; MOTION/APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS [ECF NO. 5]; MOTION/ APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS [ECF NO. 6]; MOTION TO AMEND/ CORRECT [ECF NO.7]; MOTION TO RESUBMIT [ECF NO.8]; THIRD MOTION TO AMEND COMPLAINT [ECF NO. 9] |

      Pro se plaintiff Wilson Earl Love filed multiple applications to proceed in forma pauperis ("IFP") (ECF Nos. 5 and 6), a proposed complaint (ECF No. 1-1), and multiple motions to amend/resubmit his complaint (ECF Nos. 3, 7, 8, and 9).  Judge Dorsey later consolidated this case with another one of plaintiff's cases after determining that these two cases both arise out of the same event: Love's arraignment that occurred in Nevada state court in June 1996. ECF No. 10. Case No. 2:21-cv-01175-JAD-VCF (lead case) is now consolidated with 2:21-cv-01340-JAD-VCF (member case). In the member case, Love filed an application to proceed in forma pauperis (ECF No. 3), a proposed complaint (ECF No. 1-1), a motion to amend the complaint (ECF No. 4), and a motion to disregard (ECF No. 5). These

motions were terminated after consolidation, but I reviewed plaintiff's proposed IFP applications and amended complaints for screening purposes. In plaintiff's motion to disregard, he appears to acknowledge that the two cases are connected and appears to agree that consolidation is proper. There are no outstanding issues from the member case.

I grant Love's IFP application. I also screen plaintiff's complaints and dismiss his case without prejudice with leave to amend: if plaintiff amends, he must file a single amended complaint in this case. Since I grant plaintiff leave to amend, I deny plaintiff's motions to amend as moot.

## DISCUSSION

Plaintiff's filings present two questions: (1) whether Plaintiff may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether Plaintiff's complaint states a plausible claim for relief.

### I.  Whether Plaintiff May Proceed In Forma Pauperis

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor."

Plaintiff has filed multiple IFP applications, but they are essentially all identical. Plaintiff's IFP application includes a declaration under penalty of perjury that he is unable to pay the costs of these proceedings. ECF Nos. 5 and 6. Plaintiff's states that he has no wages and that he is homeless. *Id.* Plaintiff's application to proceed in forma pauperis is granted.

### II.  Whether Love's Amended Complaints State a Plausible Claim

   a.  Legal Standard

The Court reviews whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."

2

The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### b. Deficiencies common to plaintiff's proposed complaints in both cases

Love has filed a total of 6 proposed complaints, including the proposed amended complaints. See lead case ECF Nos. 1-1, 3-1, 7-1, and 9-1 and member case ECF Nos. 1-1 and 4-1. In the proposed complaints, he alleges all the named defendants violated his civil rights between 1996-1997. *Id.* Plaintiff argues that he was wrongly arrested without a warrant and detained for robbery and assault in May 1996 in violation of his Fourth and Fourteenth Amendment rights. See generally, *Id.* He argues that his attorney provided ineffective assistance of counsel in violation of his Sixth Amendment rights. *Id.* He also argues that his rights were violated generally at his arraignment that occurred in Nevada state court in June 1996. *Id.* He also argues that in March of 1997, he was wrongly convicted and sentenced to serve time in prison in violation of his Fifth Amendment rights.

Section 1983 does not contain its own statute of limitations; instead, federal courts borrow from the statute of limitations applicable to personal injury claims in the forum state. See *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S. Ct. 1938, 85 L. Ed. 2d 254. In Nevada, the statute of limitations for personal injury claims, and therefore § 1983 actions, is two years. Nev. Rev. Stat. § 11.190(4)(e); see also *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989). "A statute of limitations begins to run on the date on which the plaintiff's claim 'accrues.'" *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012) (citation omitted). In *Wallace v. Kato*, the Supreme Court held that a section 1983 claim based upon illegal conduct leading to an arrest accrues at the time of injury. *Wallace v. Kato*, 549 U.S. 384, 388-90, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007). The U.S. Supreme Court determined there is no federal tolling of section 1983 claims while a plaintiff is subject to criminal proceedings. *Id.* at 394-95. In *Heck v. Humphrey*, U.S. Supreme Court held that a § 1983 "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 490, 114 S. Ct. 2364, 2374 (1994).

Plaintiff has not alleged in any of his proposed complaints that his conviction has been invalidated by any court. Taking plaintiff's facts as true, his alleged injuries occurred between 1996 and 1997. Assuming his conviction has not been invalidated, plaintiff's alleged injuries occurred 25 years ago, long outside the 2-year statute of limitations. Since there is no tolling during the criminal proceedings per the Supreme Court, it does not appear that plaintiff can state a plausible claim since the statute of limitations has long run. Since plaintiff is pro se, I will give him an opportunity to amend his complaint. If the plaintiff decides to amend his complaint, he must file a single complaint that addresses all his claims against all the defendants in both cases that are now consolidated.

ACCORDINGLY,

I ORDER that Love's second application to proceed in forma pauperis (ECF No. 6) is

GRANTED; his first IFP application (ECF No. 5) is DENIED AS MOOT.

I FURTHER ORDER the Clerk of Court file the proposed amended complaint (ECF No. 9-1).

I FURTHER ORDER that plaintiff's amended complaint (ECF 9-1) is DISMISSED WITHOUT PREJUDICE.

I FURTHER ORDER that Love has until Monday, November 22, 2021 to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

I FURTHER ORDER that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint.  I will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.  See 28 U.S.C. § 1915(e)(2).

I FURTHER ORDER that plaintiff's motions to amend/resubmit his complaint (ECF Nos. 3, 7, 8, and 9) are all DENIED AS MOOT.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d

452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

        IT IS SO ORDERED.

        DATED this 22nd day of October 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE