# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| | |
|---|---|
| WILSON EARL LOVE,<br><br>              Plaintiff,<br><br>vs.<br><br>PUBLIC DEFENDER'S OFFICE, *et al*.,<br><br>              Defendants. | Lead Case No. 2:21-cv-01175-JAD-VCF<br><br>Member Case No. 2:21-cv-01340-JAD-VCF<br><br>**REPORT AND RECOMMENDATION**<br><br>**And**<br><br>**ORDER**<br><br>AMENDED COMPLAINT [ECF NO. 12];<br>MOTION TO AMEND [ECF NO. 13];<br>AMENDED COMPLAINT [ECF NO. 13-1];<br>MOTION FOR MONETARY ASSISTANCE [ECF NO. 14] |

Pro se plaintiff Wilson Earl Love filed an amended complaint, a motion to amend (with another proposed amended complaint), and a motion for monetary assistance. ECF Nos. 12, 13. 13-1, and 14. I grant plaintiff's motion to amend, and I deny plaintiff's motion for monetary assistance as moot. ECF Nos. 13 and 14. I recommend that plaintiff's case be dismissed.

**I.    Background**

I dismissed Love's complaints without prejudice after Judge Dorsey consolidated his cases. ECF No. 11. I grant plaintiff's motion to amend, which would ordinarily mean that the amended complaint would supersede the prior proposed amended complaint. Since I recommend dismissal, however, to avoid

prejudice to the plaintiff, I screened both of Love's proposed amended complaints. ECF Nos. 12 and 13-1.

### I. Whether Love's Amended Complaints State a Plausible Claim

#### a. Legal Standard

The Court reviews whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

#### b. Plaintiff's Proposed Complaints and Motions

Love's proposed amended complaints are nearly identical. ECF Nos. 12 and 13-1. In the proposed

complaints, he alleges all the named defendants violated his civil rights between 1996-1997. *Id.* Plaintiff argues that he was wrongly arrested without a warrant and detained for robbery and assault in May 1996 in violation of his Fourth and Fourteenth Amendment rights. See generally, *Id.* He argues that his defense attorney was not in court in violation of his Sixth Amendment rights. *Id.* He also argues that his rights were violated generally at his arraignment that occurred in Nevada state court in June 1996. *Id.* He also argues that in March of 1997, he was wrongly convicted and sentenced to serve time in prison in violation of his Fifth Amendment rights. *Id.* Love also alleges that "[o]n or about, Oct. 9th, 2021, the Nev. Supr. Ct. of Appeals issued a Remittitur to the Clk. Cty. Dist. Ct.; and to yet an end, I'm an ex (sic) felon as alleged." *Id.* at 3. Plaintiff did not attach anything from the Supreme Court of Nevada or the Nevada Court of Appeals.

When considering whether the plaintiff has failed to state a claim, "a district court may not consider any material beyond the pleading." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Except a court may consider "material which is properly submitted as part of the complaint" and if a documents' "authenticity ... is not contested" and "the plaintiff's complaint necessarily relies" on them. *Id.* (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir.1998)). Per Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Id.* (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986)).

Section 1983 does not contain its own statute of limitations; instead, federal courts borrow from the statute of limitations applicable to personal injury claims in the forum state. See *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S. Ct. 1938, 85 L. Ed. 2d 254. In Nevada, the statute of limitations for personal injury claims, and therefore § 1983 actions, is two years. Nev. Rev. Stat. § 11.190(4)(e); see also *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989). "A statute of limitations begins to run on the date on which the plaintiff's claim 'accrues.'" *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012) (citation

omitted).  In *Wallace v. Kato*, the Supreme Court held that a section 1983 claim based upon illegal conduct leading to an arrest accrues at the time of injury. *Wallace v. Kato*, 549 U.S. 384, 388-90, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007). The U.S. Supreme Court determined there is no federal tolling of section 1983 claims while a plaintiff is subject to criminal proceedings. *Id.* at 394-95. In *Heck v. Humphrey*, U.S. Supreme Court held that a § 1983 "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 490, 114 S. Ct. 2364, 2374 (1994).

     Plaintiff alleges that one of the state appeal courts issued a remittitur on October 9, 2021. Although plaintiff did not attach anything, I take judicial notice of the Nevada Appellate Courts' docket since it is a public record. Plaintiff's amended complaint necessarily relies on it because he must show that his conviction has been invalidated by any court. *Heck,* 512 U.S. at 490. According to the public docket, the Supreme Court of the State of Nevada issued a remittitur on September 14, 2021, in *Wilson Earl Love vs. The State of Nevada*, Supreme Court No. 82026 regarding District Court Case No. C136024, Docket No. 21-26387. The Nevada Supreme Court entered a judgment affirming the district court. *Id.* The state district court, in a lengthy opinion, dismissed plaintiff's Writ regarding the same set of facts regarding his 1996 arrest. See *State v. Love*, 2020 Nev. Dist. LEXIS 666, 4. The state court dismissed his claims as being untimely, as an abuse of the Writ, and barred due to laches. *Id.*

     Plaintiff's conviction has not been invalidated by any court. Neither of his proposed amended complaints resolves the issues from his first set of complaints. Plaintiff's alleged injuries occurred 25 years ago, long outside the 2-year statute of limitations. Since there is no tolling during the criminal proceedings per the Supreme Court, it does not appear that plaintiff can state a plausible claim since the statute of limitations has long run. I recommend that his case he dismissed. Since I recommend that this case be dismissed, I deny plaintiff's motion for monetary assistance to continue his litigation as moot.

I also note that plaintiff has filed multiple duplicative and/or frivolous actions in this court and most, if not all of them, have been dismissed.[1] I warn plaintiff that his behavior in this Court is bordering on vexatious.

ACCORDINGLY,

I RECOMMEND that this case be DISMISSED.

I ORDER that plaintiff's motion to amend (ECF No. 13) is GRANTED.

I FURTHER ORDER that the Clerk of Court file the complaint (ECF No. 13 -1).

I FURTHER ORDER that plaintiff's motion for monetary assistance (ECF No. 14) be DENIED AS MOOT.

I CAUTION plaintiff that continuing to file duplicative and/or frivolous lawsuits may result in adverse consequences, including possible sanctions or a finding that he is a vexatious litigant.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.

---

[1] See *Wilson Earl Love v. Stewart L. Bell*, et al., 3:02-cv-00445-HDM-VPC; *Wilson Earl Love VS E.K. McDaniel, et al.,* 3:03-cv-00002-ECR-RAM; *Wilson Earl Love v. E.K. McDaniel, et al.* 3:03-cv-00262-DWH-RAM; *Wilson Earl Love VS E.K. McDaniel, et al.*, 3:03-cv-00466-DWH-RAM; *Wilson Earl Love VS E.K. McDaniel, et al.*, 3:03-cv-00633-ECR-RAM, *Wilson Earl Love v. Warden Miles Long, et al.*, 2:00-cv-00244-DWH-RJJ, *Wilson Earl Love v. Warden Miles Long, et al.*, 2:99-cv-00660-LRH-RJJ, *Wilson Earl Love v. Warden Miles Long, et al.*, 2:99-cv-00850-PMP-RLH.

*Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO RECOMMENDED and ORDERED.

DATED this 7th day of February 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

6